

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 9, 1948

Hon. Jos. B. Dart
County Attorney
Kendall County
Boerne, Texas

Opinion No. V-678

Re: Legality of loaning
surplus funds of a
common school dis-
trict to an indepen-
dent school district.

Dear Sir:

We refer to your opinion request concerning
the following question:

"Can a common school district make a
loan of its 1947-48 balance to an indepen-
dent school district on a promissory note
signed by the trustees of the independent
school district."

Powers of school boards and officers over
funds belonging to school districts and the purposes for
which those funds may be expended are prescribed by stat-
ute. 37 Tex. Jur, p, 968; Love v. City of Dallas, 120
Tex. 351, 40 S.W.(2d) 20.

It is provided in Article 2827, Secs. 1 and 2,
V. C. S. that:

"1. The State and county available
funds shall be used exclusively for the
payment of teachers' and superintendents'
salaries, fees for taking the scholastic
census, and interest on money borrowed on
short time to pay salaries of teachers and
superintendents, when these salaries become
due before the school funds for the cur-
rent year become available; provided that
no loans for the purpose of payment of
teachers shall be paid out of funds other
than those for the then current years.

"2. Local school funds from district
taxes, tuition fees of pupils not entitled

to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting schoolhouses, and for other purposes necessary in the conduct of the public schools to be determined by the board of trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein."

Under this statute the expenditure of such school funds, whether they be surplus funds or otherwise, may be made only for the purposes therein enumerated and for other purposes necessary in the conduct of the public schools of the district. Attorney General's Opinion V-534. Public funds, among which are included school funds, collected and designated by statute to be used only for particular public purposes cannot lawfully be diverted to the use of another public purpose. Love v. City of Dallas, supra; San Benito I.S.D. v. Farmers' Bank, 78 S.W.(2d) 741; Madeley v. Trustees of Conroe Independent School, 130 S.W.(2d) 929.

We find no statutory authority, expressed or implied, in trustees of school districts, common or independent, to loan the public school funds of their district to any other school district, person, or entity. Clearly, the loan of surplus funds of a common school district to an independent district would not be using such funds for a purpose necessary in the conduct of the public schools of the common district.

### SUMMARY

A board of trustees of a school district has no authority to loan its public school funds to another school district.

Article 2827, Sections 1 and 2, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CEO:mw

By *Chester E. Ollison*

Chester E. Ollison
Assistant


APPROVED:

*Joe R. Greenhill*

ACTING ATTORNEY GENERAL